# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                           CRIMINAL NO. 16-626 (GAG)

[1] EDWIN VÁZQUEZ-CONCEPCIÓN,

Defendant.

## REPORT AND RECOMMENDATION
## RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

### I.   Procedural Background

On December 6, 2016, a grand jury returned a superseding indictment against [1] Edwin Vázquez-Concepción (hereinafter referred to as "defendant"). ECF No. 41. The defendant has agreed to plead guilty to counts one and two of the superseding indictment. Count one charges that from in or about May 2014, continuing until in or about October 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this court, the defendant knowingly combined, conspired, and agreed with other diverse persons to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Section 841(a)(1) and 846 knowing that the transactions:

(a) were designed in whole and in part to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, Unites States Code, Sections 1956(a)(1)(A)(i);

(b) were designed in whole and in part to conceal and disguise the nature, location source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some for of unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(1)((B)(i); and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and,

(c) knowing that the transactions were designed in whole and in part to avoid the transaction reporting requirement under federal law and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful acivity, in violation of Title 18, Unites States Code, Section 1956(a)(3)(B)(ii).

Count two charges that from in or about May 2014, to in or about September, 2014, in the District of Puerto Rico, and within the jurisdiction of this court, the defendant and other individuals charged, aiding and abetting each other and others known and unknown to the grand jury, with the intent to evade a currency reporting requirement under Title 31, United States, Section 5316, knowingly concealed more that $10,000 in currency and other monetary instruments in an article

of luggage, merchandise and other container, and transported and transferred and attempted to transport and transfer such currency and monetary instruments from a place in the United States, that is, Puerto Rico, to a place outside the United States, that is, Panama, all in violation of Title 31, United States Code, Section 5332(a)(1) and Title 18, United States Code, Section 2.

## II.    Consent to Proceed Before a Magistrate Judge

On  February 12, 2018, while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to counts one and two of the superseding indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to counts one and two of the superseding indictment.

## III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A. Rule 11 Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a term of imprisonment of not more than twenty (20) years, a fine of twice the amount of the property illegaly obtained involved in the transaction or five hundred thousand ($500,000.00) dollars (whichever is greater), and a term of supervised release of not more than three (3) years.

As to count two, the defendant was explained and he understood, that if convicted of this count, he is exposed to a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than three (3) years.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

### D. Absence of Plea Agreement

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Basis in Fact**

At the change of plea hearing, the defendant admitted that the following facts are true: From in or about May 2014, continuing until in or about October 2016, in Puerto Rico, and elsewhere within the jurisdiction of this court, the defendant combined, conspired, and agreed with other diverse persons to commit offenses in violation of Title 18, United States Code, Section 1956 to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity set forth in Title 18, United States Code, Section 1961, knowing that the transactions:

(a) were designed in whole and in part to promote the carrying on of the specified unlawful activity, and that he knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, Unites States Code, Sections 1956(a)(1)(A)(i);

(b) were designed in whole and in part to conceal and disguise the nature, location source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some for of unlawful activity; and,

(c) were designed in whole and in part to avoid the transaction reporting requirement under federal law and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful acivity, in violation of Title 18, Unites States Code, Section 1956(a)(3)(B)(ii).

The defendant also admitted that from in or about May 2014, to in or about September, 2014, in the District of Puerto Rico, and within the jurisdiction of this court, the defendant and other individuals charged, aiding and abetting each other and others known and unknown to the grand jury, with the intent to evade a currency reporting requirement under Title 31, United States, Section 5316, knowingly concealed more that $10,000 in currency and other monetary instruments in an article of luggage, merchandise and other container, and transported and transferred and attempted to transport and transfer such currency and monetary instruments from a place in the United States, that is, Puerto Rico, to a place outside the United States, that is, Panama.

Finally, the defendant acknowledged that the money involved in the offenses, that is $1,271,330 in U.S. currency, constituted drug proceeds and that he knew that they were drug proceeds.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to counts one and two of the superseding indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the

consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the superseding indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 26th day of February, 2018.

s/Marcos E. López<br>U.S. Magistrate Judge